CHIEF JUSTICE PETERS
delivered the opinion oe the court.
The plaintiffs, Miller, &c., in their petition, allege in substance that the defendants, Miles and Shirley, being partners in the manufacture of whisky, and owning a distillery, with all the fixtures and machinery necessary for the manufacture of the article, in Nelson County, with capacity from the manufacture thereof to produce slops sufficient to supply and feed two hundred and seventy head of cattle per day, had the necessary stalls attached, arranged, with proper covering, to stable the number of cattle aforesaid, with pipes and tubes to conduct the slops to the troughs prepared for the reception thereof for the feeding of the cattle; that said defendants, having determined to operate said distillery for the space of five months or longei’, on the 7th of November, 1874, sold all the slops produced from said distillery during the time the same should be operated for that season, together with the exclusive use of said stalls for two hundred and seventy cattle, to the plaintiffs at and for the price of $500 per month, the money to be paid at the end of each month, the slops to be delivered in the stalls for said cattle, which stalls were to be kept in good repair by and at the cost of defendants; that they commenced operating their distillery on the 18th day of the last-lxamed month, and in two *136 days thereafter the slops were ready to be fed to and be eaten and consumed by their cattle, and on that day they drove and presented their cattle at the distillery, and then and there offered to put them in the stalls at the place, and demanded of defendants to be permitted to place them there and have the slops fed to them, but that defendants refused to permit them to occupy said stalls with their cattle and to furnish the slops produced by the manufacture of the whisky to them, and, by reason of their refusal to comply with their contract, compelled plaintiffs to make other arrangements to supply food for their cattle; and then the following averments are made:
They charge that since the making of said contract they have at all times been ready, able, and willing to place their said cattle in said stalls and receive said slops, and in all respects comply with the terms of said contract on their part.
They charge said cattle are now left on their hands, and they have had to buy feed at a heavy cost for their subsistence, [“and that they have been deprived of just profits which they could and would have made on their said contract,”] and have been otherwise greatly injured and damaged by defendants’ failure to keep and perform their said contract as aforesaid. Wherefore they pray f10,000 damages for said breach of contract, and for other proper relief.
To the petition the defendants demurred, and their demurrer was sustained to so much of it -as is included in brackets and overruled to the residue thereof.
The defendants then filed a joint answer, in which they deny that they were at the dates named in the petition, or were at any time, partners in distilling whisky, or in any other business. They also deny that they, either as partners or otherwise, jointly or severally at any time whatever sold to the defendants the slops produced by the manufacture of whisky at the distillery in New Haven, in Nelson County, or any other place. They fully traverse the sale of any slops at *137 any time or place to plaintiffs for any sum whatever; and deny that the plaintiffs had sustained any damage whatever by any sale or contract to sell slops to them by either or both of said defendants.
On the pleadings as herein presented the parties went to trial; and the jury having found a verdict against E. L. Miles alone for $4,500, and, after overruling his motion for a new trial, the court having rendered judgment against him for said sum, he has appealed to this court.
It is not alleged in the petition either that the slops produced from other distilleries, sufficient to supply and feed two hundred and seventy head of cattle as well as the products of defendants’ distillery, could not be purchased in the neighborhood or region of defendants’ distillery at and for $500 per month, or that it would cost plaintiffs more or as much as $500 per month to supply two hundred and seventy head of cattle with other food in that region that would keep them as well and make them as thrifty as the slops from said distillery would do. It is alleged that the plaintiffs had to buy food for their cattle at a heavy cost, but they do not say at a greater cost than $500 per month; and the only injury or wrong they complain of is that they were deprived of just profits that they would have made if defendant had complied with his contract, and that was excluded from the consideration of the jury by the ruling of the court below in sustaining the defendants’ demurrer to that part of the petition.
From all that is alleged in the petition appellees were entitled to compensation for driving their cattle to the distillery of appellant and taking them back, and nominal damages for the breach of the contract, and nothing more.
Instruction “No. 1 A,” given at the instance of plaintiffs, is erroneous and prejudicial to appellant. It fixed no criterion by which the jury was to be governed in estimating the damages sustained by appellees by reason of the breach of the *138 contract by appellant, but left that question to the arbitrary discretion of the jury.
In actions for breach of contract where no evil motives are attributed to the party and no features of aggravation are manifested, the measure of damages is a question of law, and the law fixes and graduates the compensation to the actual loss sustained. (Sedgwick on Measure of Damages, pp. 200, 201.)
In declaring on contract,' therefore, it is necessary to state the contract, the breach, and the facts which show the loss or damage sustained by reason of the breach.
In regard to contracts like this, engaging to deliver personal property at a fixed period and at a designated place, in an action against the vendor for a failure to comply, the cri-' terion of damages, as established by this court and many other courts of the United States, is the difference between the contract price and the value or market price of the property at the place and on the day of delivery. This rule is not inexorable and of universal application, as cases might arise in which the circumstances attending them might be well calculated to enhance the damages. But in this case there is nothing in the pleadings shown to take it out of the general rule.
Having stated the principles applicable to the case, as presented by the pleadings, it is unnecessary to enter upon any further consideration of instructions given or refused. Indeed, we see no other exceptions taken to instructions by appellant.
But for the error indicated the judgment is reversed, and the cause is remanded for a new trial and for further proceedings consistent herewith.