CASE 17—ACTION FOR NEGLIGENCE—JANUARY 5.

# Canton, Cadiz & Hopkinsville Turnpike Co. v McIntire.

APPEAL FROM TRIGG CIRCUIT COURT.

1. NEGLIGENCE—FAILURE OF TURNPIKE COMPANY TO ERECT BARRIERS.—The failure of a turnpike company to erect barriers upon the approach to one of its bridges, in connection with its permitting a painted advertisement to remain upon the floor, whereby a horse driven by the plaintiff became frightened and backed off the approach, constituted actionable negligence.
2. SAME—INSTRUCTIONS.—In such an action it was proper to instruct the jury as to ordinary and gross negligence, contributory negligence and the measure of damages.

FENTON SIMMS AND R. A. BURNETT FOR APPELLANT.

KELLY & SON, FOR APPELLEE.

(Transcript and briefs not in the office.)

JUDGE GUFFY DELIVERED THE OPINION OF THE COURT.

The plaintiff below instituted this action against the appellant, seeking to recover damages for injuries to himself and his horse and buggy alleged to have been the re-

Canton, Cadiz & Hopkinsville Turnpike Co. v. McIntire.

sult of the gross negligence of the appellant, its officers and employes, in permitting a sign to be painted on the floor of the bridge over one of its culverts, crossing said road, in large, bright letters, and to remain on said floor for a long space of time, with the full knowledge of the appellant, which painting frightened and alarmed plaintiff's horse, and caused it to run backwards with him, and back over a steep embankment into a deep gully near the edge of said road, thereby inflicting personal injuries on said plaintiff, as well as injuring the horse and buggy. It is further alleged that the embankment and gully were very near the bed, and immediately on the edge of the road, and that it was gross negligence of the appellant to permit the gully to remain unguarded and unprotected by railing or otherwise. The answer of the appellant is, in effect a denial of any negligence, and it also pleads contributory negligence upon the part of the plaintiff, all of which was traversed by reply. The first trial resulted in a verdict and judgment in favor of plaintiff for $100, but it seems, that by consent of all parties, the same was set aside, and a new trial awarded, and upon the second trial a verdict and judgment were entered in favor of plaintiff for $200; and, appellant's motion for a new trial having been overruled, it prosecutes this appeal.

The grounds relied on for a new trial are as follows: (1) Because the verdict of the jury is contrary to the evidence. (2) Because the verdict of the jury is contrary to the law. (3) Because the verdict of the jury is contrary to the law and the evidence. (4) Because the court failed to properly instruct the jury. (5) Because the court erroneously instructed the jury.

The contention of appellant is that the evidence sus-

tains the plea of contributory negligence, and that there was evidence introduced conducing to show that appellee's horse was balky, and that, when it commenced to back, he negligently got up and stood in the buggy and whipped the horse, when by proper treatment he could have crossed the culvert without injury. It is also contended that the lettering and painting complained of had been removed from the culvert or bridge floor before the accident, and that it was not negligence to allow the ditch or gully to remain without railing or protection. The proof, however, introduced by appellee, tended to show that the paint, etc., had not been entirely removed, or sufficiently removed to prevent its discovery by his horse and consequent fright. The proof also conduces to show that the gully or ditch complained of ought to have had some banistering or railing, in order to make the road reasonably safe at that point; and, two juries having found for plaintiff as to the facts, we do not feel authorized to disturb the finding on the ground of insufficient evidence.

It does not appear that the appellant asked any instructions, but excepted to those given. The instructions given are as follows: No. 1: "The court instructs the jury that it is the duty of the defendant, the Canton, Cadiz & Hopkinsville Turnpike Company, to keep its road in reasonably safe condition for the use of the traveling public; and, where ordinary care and prudence would suggest the necessity of same, it is its duty to erect barriers along the line of the road so as to prevent the horses of those using said road in the ordinary and usual manner, in case of sudden fright, from backing or falling into dangerous gullies or washouts on the edge of said road." No. 2: "The court instructs the jury that if they believe from the evidence the defendant knew, or by the

exercise of ordinary care, could have known, of the danger-
ous and unsafe condition of said turnpike road at the
point where plaintiff claims to have been injured (if same
was dangerous and unsafe at said point), and in time to
have placed same in a reasonably safe condition prior
to the time of plaintiff's alleged injury, and failed to re-
pair same and put same in a reasonably safe condition by
erecting barriers, or otherwise, and plaintiff was thereby
injured, then plaintiff should be entitled to recover the
actual damages sustained by him to his person and pro-
perty, not exceeding the amount claimed in the petition.
But, on the other hand, if the jury should find from the
evidence that the roadbed at the point of said alleged
injury was in reasonably safe condition, and that the de-
clivity at that point was not of such character and appear-
ance as to cause a person of ordinary care and prudence
to apprehend danger to persons driving along said road
in the usual and ordinary way, by reason of horses becom-
ing frightened and backing across said roadbed, then the
failure to erect barriers at said point would not make the
defendant liable." No. 3: "The court instructs the jury
that by 'actual damages,' as used in instruction 2, is meant
reasonable compensation to plaintiff for such physical
and mental suffering as may have been occasioned to
plaintiff by the injuries, if any, done plaintiff by falling
into said gully, or which may have been sustained by him
in said fall, and also for any loss of time which may have
resulted from such injuries, and the jury may consider
any permanent injury or impairment of plaintiff's capa-
city to earn money; and you should also include in your
estimate such damages, if any, as may have been done the
horse of plaintiff." No. 4: "The court instructs the jury
that, if they should believe from the evidence that the

accident to plaintiff and his property was caused by the contributory negligence of plaintiff,—that is, such negligence as without which the accident would not have occurred,—then they should find for the defendant." No. 5: "The court instructs the jury that in cases of personal danger, where two ways of avoiding the threatened injury may be presented to the party in danger, and he decides in favor of the way of escape which seems most reasonable and safe to him under all the circumstances surrounding him, and he is injured, although it may afterwards appear that, if he had decided in favor of the other apparent way of escape, he would not have been injured, still his right of action against the party whose negligence caused the injury would not be defeated. Therefore the failure of plaintiff to jump from said buggy would not, alone, be sufficient to defeat plaintiff in this action." No. 6: "The court instructs the jury that by 'ordinary care,' as used in the instuction of the court, is meant that degree of care which a majority of men of ordinary prudence would exercise, under like or similar circumstances, to protect their own person or property from injury." No. 7: "The court instructs the jury that, if they believe from the evidence that the injury to the plaintiff and his property (if there was any such injury) was caused by the gross negligence of the defendant, then the jury, in estimating the damages to plaintiff, would not be confined in their verdict to the actual damages sustained by plaintiff, but the jury may assess other and additional damages, in their discretion, by way of punishment or smart money, not exceeding in all the amount claimed in the petition." No. 8: "The court instructs the jury that by 'gross negligence,' as used in instruction No. 7, is meant the failure to use slight care." We are not of the opinion that

the court erred to the prejudice of appellant's substantial rights in instructing the jury. Judgment affirmed, with damages.