CASE 92.—ACTION BY ROBERT TENNELLY AGAINST THE LANGAN & TAYLOR STORAGE & MOVING Co., FOR BREACH OF CONTRACT IN THE DELIVERY OF GOODS.—May 9.

## Langan & Taylor Storage & Moving Co. v. Tennelly

Appeal from Daviess Circuit Court.

T. F. Birkhead, Circuit Judge.

Judgment for plaintiff. Defendant appeals. Reversed.

1 Pleading—Reply—Inconsistency Between Reply and Petition—Civ. Code Prac., section 101, provides that a party shall not in a reply depart from the cause of action stated by him in a previous pleading; and section 113, sub-sec. 4, provides that, if a party file a pleading containing inconsistent statements with those of a previous pleading filed by him, he shall be required to elect which of them shall be stricken. Held, that where the purchaser of goods sued for damages for non-delivery, and by counterclaim the seller sought to recover the purchase price, a motion to strike out a counter-

claim in plaintiff's reply, whereby he sought to recover damages for the negligent packng of the goods in case defendant succeeded in maintaining his counterclaim, should have been sustained

2. Sales—Remedy of Purchaser—Failure to Deliver—Action— Evidence—In an action by the purchaser of goods against the seller for a failure to deliver within the agreed time, evidence considered, and held to show that, in so far as a lapse of time was concerned, the fault was not with the seller, but with the railroad by which the goods were to be shipped, and which failed to furnish a car.

3. Same—Quantity Delivered—Effect of Deficiency—Where one purchased a bill of goods on an understanding that all or none of the goods were to be delivered and the goods tendered lacked some of those ordered, the purchaser had a right to refuse to accept the entire bill.

4. Same—Petition—Sufficiency—In an action by the purchaser against the seller for failure to deliver, the petition was insufficient for not containing allegations tending to show how plaintiff was damaged.

5. Same—Instructions—Measure of Damages—Where the purchaser of goods informed the seller that they were being purchased for re-sale in another city, in an action by the purchaser for failure to deliver, it was proper to refuse to instruct that the criterion of damages was the difference between the contract price and the price at which the goods could have been purchased in the city where they were purchased on the day of the alleged breach of contract

E. B. ANDERSON for appellant.

LOUIS I. INGLEHEART of counsel.

POINTS AND AUTHORITIES.

1. The petition stated a cause of action only entitling the appellee to recover nominal damages and nothing more. (Miles v. Miller, 12th Bush, page 134; Koch v. Godshaw, 12th Bush, page 318; Benjamin on Sales, vol. 2; page 1120, note 2, under sec. 1305, 4th Ed.; Benjamin on Sales, page 466, sec. 517, vol. 1, 4th Ed.; S. Barker & Co. v. Mann Bennett & Co., 5th Bush, 675; Chesapeake O. & S. W. R. Co. v. Crugers Adm'r, 7th Ky. Law Rep., abstract 103.)

2. The motion to strike from the reply that part thereof

wherein appellee pleaded that the goods had been scratched broken and injured should have been sustained. The reply was not designated a counterclaim and set-off; and besides the allegations of the reply were inconsistent with the allegations set up in the petition. (a). Civil Code, section 101; Barbaroux v. Barker, 4 Metcalf, page 47; (b). Civil Code, sec. 97, subsection 4; Cason v. Cason, 79th Ky., 558; Nutter v. Johnson, 80th Ky., 426; Lacey v. Lacey, 95th Ky., 110; Kelly v. Talbott, 19th Ky. Law Rep., 632; Salyer v. Napier, 21 Ky. Law Rep., 172; Arthurs v. Thompson, 97 Ky., 218.

3. The place of delivery of the furniture was in St. Louis, Mo., and the evidence of the market value of the furniture had to be established taking St. Louis, Mo., and no other place as the market. (Benjamin on Sales, vol. 2, page 1120, note 2, under sec. 1305, 4th Ed.; S. Barker & Co. v. Mann Bennett & Co., 5th Bush, 675.)

4. The instructions given by the court did not embody the law of the case. They failed to designate the market, or place of delivery of the furniture. The rule of law as to the damage suffered for a breach of contract to deliver chattels as stated by the lower court is not the law. The instruction offered by appellant did correctly state the law. (Benjamin on Sales, vol. 2, page 1120, note 2, under sec. 1305, 4th Ed.; Miles v. Miller, 12h Bush, page 134; Koch v. Godshaw, 12th Bush, 318; Smith v. Bailey, 5th Ky. Law Rep., abstract 932; Chesapeake & O. S. W. R. R. v. Cruger's Adm'r, 7th Ky. Law Rep., abstract 103.)

LaVEGA CLEMENTS for appellee.

1. It is not necessary to set out the measure of damages of breach of contract in the sale and delivery of personal property of this kind, because the measure of damages is a question of law, and the law having fixed the measure of damages in this kind of a case, it is not necessary to allege same in the petition.

2. I contend, first, that in regard to the counter-claim, plead in the reply, and the instruction No. 3 based upon it, the court did not commit any error. Second, if the court did commit an error in these two matters, then such errors were not prejudicial to the appellant, as shown by the verdict of the jury.

OPINION OF THE COURT BY JUDGE BARKER—Reversing.

The appellee, Robert Tennelly, who is a furniture

dealer in Owensboro, Ky., on the 3d and 5th days of December, 1904, in the city of St. Louis, Mo., entered into a contract with the appellant corporation by which he claims to have purchased a bill of merchandise consisting of secondhand furniture and bedclothing, amounting in all to $557.64, which was to be loaded on cars in St. Louis and shipped to him at Owensboro. He made a payment of $100 at the time of contract. The balance was to be paid by draft with bill of lading attached when the shipment was received. The merchandise failed to reach Owensboro until after the 3d day of January, 1905, and on the 6th day of January of that year appellee instituted this action in the Daviess Circuit Court, setting out in his petition the contract as detailed above and alleging in addition that at the time he made the purchase he explained to appellant that it was necessary he should receive the goods in Owensboro by December 10th in order that he might have them ready for the Christmas holidays, and it promised to forward the shipment in time to reach Owensboro on the day mentioned; that appellant, after making this contract, had violated it and failed and refused to ship the goods, and by reason of its breach of contract he had been damaged in the sum of $300, for which he prayed judgment. As an ancillary remedy he sued out an attachment on the ground of the nonresidency of appellant, and had the attachment levied upon the goods on board the car in Owensboro; they having by that time reached their destination. The sheriff, after taking charge and unloading the property, stored it with appellee in his wareroom, where it now is. Appellant filed an answer, denying all of the material allega-

tions of the petition, and then set forth its version
of the contract, which differs from that relied on
by appellee in several very material particulars. It
states that, at the time appellee undertook to
contract with it with reference to the purchase of
the furniture, it explained to him that it was impos-
sible at that time to know whether or not it could
fill all of his order, owing to the fact that it was
selling from samples, and, as there were many
purchasers ahead of him, it could not at that time
tell how much of the merchandise he desired would
be left after prior purchasers had been satisfied, but
that it felt sure it could fill at least $100 worth of
the order, and this sum it required him to pay in
advance, which he did, and it undertook thereafter
to ship him all of his order which, under the cir-
cumstances, it could furnish. The shipment was to
be made as soon as practicable thereafter by
delivering the furniture to the Louisville & Nashville
Railroad Company for transportation, appellant
agreeing to pack the goods in the car in a safe and
merchant-like manner; but thereafter it ascertained
that it could only supply $389.24 worth of the order,
which it shipped him on the 29th day of December,
1904, that being as soon as it could secure trans-
portation facilities from the railroad for the purpose
of making the shipment. By way of counterclaim,
it also set up the sum of $289.24 as a balance due
it on the purchase price of the goods sold and
delivered, as it claimed, to appellee, for which it
prayed judgment. By way of reply, appellee denied
the allegation of the contract set up by appellant,
so far as it varied from that relied on by him, and
then, in a second paragraph, alleged that the furni-

ture which appellant actually shipped to him had been negligently packed by it, and was broken and scratched and otherwise injured to the extent of $100, for which he prayed judgment, provided appellant succeeded in maintaining its counterclaim for the purchase price of the goods shipped. Appellant moved to strike out all of the reply containing the counterclaim for damages arising from the alleged injury to the property in the shipment, which was overruled. It then filed a rejoinder, placing in issue the material allegations of the reply. A trial resulted in a verdict for appellee for the sum of $136.25, $100 of which was said in the verdict to be the amount paid by appellee in advance, and the balance ($36.25) being damages for breach of the contract. Appellant's motion for a new trial having been overruled, the case is here on appeal.

The cause of action set up in the petition is for a breach of contract arising from the nondelivery of the goods alleged to have been purchased by appellee of appellant, and it is based upon the theory that, there having been a total failure on the part of appellant to comply with its contract by the 10th day of December, 1904, appellee was entirely released from his obligation to take the goods, and the property was treated by him as belonging to appellant, and the attachment sued out as an ancillary remedy was levied upon it as the property of appellant in order to secure such judgment as he might thereafter obtain. This being true, appellee was in no wise interested in the question as to whether or not the goods were packed carefully, or were injured in the transit. He cannot, in the same breath, claim that the goods belonged to appellant, and that he is

interested in the question as to whether or not they
arrived safely at Owensboro.  The counterclaim set
up in the reply is totally repugnant to the cause of
action stated in the petition, and therefore the
motion to strike out should have been sustained.
Civ. Code Prac., section 101, and section 113, subsec.
4; Black v. Holloway, 41 S. W., 576, 19 Ky. Law
Rep., 694; Barbaroux v. Barker, 4 Metc., 47; New-
man's Pleading and Practice, pages 630, 631.

Upon the trial of the case there was a total failure
by appellee to show any fault on the part of appel-
lant in the goods not being shipped from St. Louis
in time to reach Owensboro for the Christmas
holidays.  There is no contrariety in the evidence
that the goods were to be shipped by railroad, and
appellant showed without contradiction that it placed
an order with the railroad company on the day
appellee purchased the goods, and each day there-
after until the shipment it urged the railroad
company to furnish a car in which to pack them, but
owing, presumably, to a car shortage it was wholly
unable to obtain a car prior to December 29, 1904,
at which time the goods were shipped from St. Louis
to Owensboro.  There was considerable correspond-
ence between the parties to this litigation concerning
the delay in shipment, in which appellee complained
of the delay and urged shipment, and appellant, in
reply, explained to him that the failure to forward
the shipment was entirely due to the railroad
company, and that it was urging the carrier in every
way possible to furnish the desired equipment; and
on January 3, 1905, appellee wrote appellant a letter
in which he urged it to ship his goods, and promised
to pay cash upon arrival.  This letter is as follows:

"Owensboro, Ky., Jan. 3, 1905.   Mess. Langan & Taylor—Dear Sirs: I have a bill for every article I bought from you; now I want a bill of lading from R. R. Co. showing same for each article mentioned on bill I hold for same.  I would certainly be very foolish to pay for something in a car sealed up and not knowing what it was.  It may be cord wood for all I know.  Now you remember there were a few bargains in some of the goods, then there were some there were no bargain in, and if I had not seen some bargains it would not have paid me to buy any goods at all.  So now I want each and every article I bought from you, then my bill I have itemized from you I can see what every article cost me and can mark them as they go out of the car.  Now, as I told you before, I always pay cash, and the very minute the goods arrive I am ready with check for them; but I must have what I buy or none at all.  So don't keep me waiting any longer.  I am very resp., R. Tennelly."   This shows conclusively that, so far as the lapse of time was concerned, appellee fully knew and recognized that the fault of the nonshipment of the goods was not with appellant, and that he was then ready and willing to receive and pay for the goods.   There was, therefore, a total failure of proof of any breach of contract on the part of appellant based upon the goods failing to arrive in Owensboro within the time it is claimed they were due, and the court erred in submitting to the jury any claim of appellant based upon this phase of the evidence.   If it be true, as alleged in the petition, that appellee purchased of appellant the bill of goods as a whole, and that all or none were to be delivered under the contract, appellee had the right

to reject the goods tendered, which are confessedly lacking in nearly half of those ordered; and there was evidence conducing to show that some of the articles tendered by appellant were not the same as those ordered.  It can readily be seen that there may be merit in the claim of appellee that in some of the articles which he ordered there were bargains, and for others he was required to pay the full market price, and that, while he could afford to purchase the bill of goods as a whole, he would not wish to receive those tendered if they were lacking in the bargains which he desired; and it is upon this theory that he must recover, if at all, under the evidence as produced upon the former trial.

But appellee's petition is fatally defective in its failure to allege in what his damages consisted.  There is no allegation which tends to show how he was damaged and for all that appears he was in no worse condition by the failure to deliver the goods as purchased than if they had been all tendered.  In the case of Miles v. Miller, 12 Bush, 134, it is said: "In action for breach of contract, where no evil motives are attributed to the party and no features of aggravation are manifested, the measure of damages is a question of law, and the law fixes and graduates the compensation to the actual loss sustained.  Sedgwick on Measure of Damages, pages 200, 201.  In declaring on contract, therefore, it is necessary to state the contract, the breach, and the facts which show the loss or damage sustained by reason of the breach."  And in the case of C., O. & S. W. R. R. Co v. Cruger's Adm'r, 7 Ky. Law Rep., 103, the superior court, speaking on a similar question, said:  "But if the failure to furnish the

cars could be construed into a failure to receive the stone, the plaintiff could not recover, as there is no allegation that the cost of the stone at the time and place was less than the contract price, or that the stone was worth less than that sum.''

The trial court did not err in refusing to instruct the jury that the criterion of damages was the difference between the contract price and the price at which the merchandise could have been purchased in St. Louis on the day of the alleged breach of contract. Appellee, in his petition, alleges that the goods were purchased for resale in Owensboro, and he so informed appellant at the time of the contract. The case of Campbellsville Lumber Company v. Bradlee & Wiggins, 96 Ky., 495, 16 Ky. Law Rep., '562, 29 S. W., 313, was an action for breach of contract in failing to deliver certain lumber purchased, free on board cars at Campbellsville, Ky. In the opinion it is said: ''The evidence in this case is entirely satisfactory that the seller knew the purchaser was a firm engaged in dealing in lumber in Boston, Mass., and that it was to be shipped direct to that place for resale. There was then at Campbellsville no market value on such lumber, in proper sense of that term, because defendant was alone engaged in manufacturing and selling; and, to measure the damages fully and fairly, inquiry of the price at a neighborhood market would have to be resorted to. But we see no reason for even thus restricting the investigation, much less the right of the court to do so, if the parties to the contract intended the damages should be measured by the difference between the contract price and that at the place of resale.'' To the same purport is Denhard

v. Hirst & Rogers, 111 Ky., 546, 23 Ky. Law Rep., 789, 64 S. W., 393.

Upon the return of this case the parties should be allowed to amend their pleadings, if they so desire, and if, upon another trial, the evidence is the same as upon the last, the instructions of the court will be made to conform to the principles herein enunciated.

The judgment is reversed for proceedings consistent herewith.