## Amber Milling Co., Inc., v. Kentucky Macaroni Co., Inc.

Nov. 27, 1942.

Leo J. Sandmann for appellant.

William S. Heidenberg for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Affirming.

This appeal brings into question the correctness of the lower court's action in sustaining a demurrer and dismissing appellant's petition which sought a recovery of liquidated damages on account of appellee's alleged breach of two written contracts for the sale and purchase of flour.

The petition appropriately alleged the execution of the two contracts in the month of February, 1939. The contracts were in the standard form of the Miller's National Federation Uniform Sales Contract (adopted July 20, 1939) and copies thereof were filed with the petition. One of the contracts was for the sale and purchase of 10,000 barrels of Duralina flour and the other for 3,000 barrels of Kubanka flour, shipments to be made as directed by appellee, the buyer. The contracts prescribed the rights of both seller and buyer in case of default. Rights of the seller were as follows:

"In case of default by buyer * * * * seller may (within fourteen (14) days of notice thereof) by written notice sent by registered mail to buyer at buyer's main office:

"1) cancel the contract; or

"2) terminate the contract as to the portion thereof in default or as to any un-shipped balance, or

both, and A)'' (this dealt with seller's right as to goods shipped and is not material to the controversy), ''and

''B) if seller terminates as to unshipped balance, recover from buyer as liquidated damages a sum to be computed by the following formula'' (then follows formula for computation of damages in which is included one-sixth cent per day for each day from date of contract to date of termination for each barrel remaining unshipped).

''Provided: That if the default consists of a failure by buyer to provide shipping instructions as required under 'shipments,' seller may cancel or terminate the contract as above provided only after giving buyer preliminary written notice of intention to cancel or terminate, by registered mail addressed to buyer's main office. If buyer does not provide the required shipping instructions within eight (8) days after mailing of such notice, then seller may, within fourteen (14) days after the expiration of said eight (8) days, cancel or terminate the contract as above provided.''

The petition, as amended, alleged that 5,350 barrels of Duralina flour and 881 barrels of Kubanka flour were shipped and paid for but that on May 16, 1940, appellee notified appellant that it would not accept or pay for the unshipped balances. It was then alleged that on July 3, 1940, appellant notified appellee that it was terminating the contracts as to unshipped balances in accordance with the terms of the contracts. There was also an allegation that appellee's action in notifying appellant that it would not accept and pay for unshipped balances amounted to a failure to furnish shipping instructions and that by reason of such default appellant terminated the contracts as to unshipped balances on July 3, 1940.

Liquidated damages were itemized in the petition in accordance with the formula provided for the computation thereof in the event of termination by the seller as to unshipped balances and judgment was sought for the damages thus computed.

Thus, while default of the buyer on May 16, 1940, was alleged, the default consisting of the buyer's refusal to accept unshipped balances, there was no allegation that the seller notified the buyer within 14 days after

notice of the buyer's default that the seller elected to terminate as to unshipped balances. Such notice, within fourteen days, was required by the contracts and was a condition precedent to the recovery of liquidated damages. And, since such notice was a condition precedent to appellant's right of action, it was, as a matter of course, essential that appellant allege the fulfillment of the condition precedent or a sufficient excuse for its nonfulfillment. Since there was an absence of allegation of fulfillment of this condition precedent, the petition stated no cause of action for liquidated damages.

It is argued by appellant, however, that the requirement of notice by the seller within fourteen days of election to terminate is inapplicable when the buyer has previously repudiated the contract by express notice to the seller. In the absence of the contract provision as to notice this would be true since the general rule is that the seller may treat an absolute repudiation of the contract by the buyer as a present breach of the contract for which he may maintain an action before the time for delivery arrives. This rule, however, has no application where the parties to the contract elect to regulate the conditions upon which damages may be recovered in the event of a breach. It is competent for the parties thus to contract and, having chosen to provide in the contract a condition precedent to the recovery of damages, it is essential to the statement of a cause of action that a fulfillment of this condition be alleged.

It is also suggested by appellant that appellee not only had fourteen days notice of the election to terminate but had notice from May 16 to July 3. But this ignores the requirement of the contracts that the seller's election to terminate as to unshipped balances must be given *within* fourteen days after notice of the buyer's default in order to fix the right to liquidated damages. That such notice *within* fourteen days was intended as a condition precedent to the recovery of liquidated damages seems clear. Were this not true, the seller, after notice of the buyer's default, could wait until near the end of the period of limitation for bringing action to give notice of election to terminate and then hold the buyer for storage for the entire period under the liquidated damage formula. That such a result was not contemplated by the contract seems obvious. Only by giving notice of election to terminate *within* fourteen days after

notice or the buyer's default could the seller avail itself of the right to liquidated damages. Nor was any vigor imparted to the petition by the allegation of the dubious conclusion that appellee's repudiation of the contracts amounted to a failure to furnish shipping instructions and that appellant terminated the contracts on this account. The same notice within fourteen days was a condition precedent to the recovery of liquidated damages when the termination was on this account and, in addition, a preliminary notice of eight days intention to terminate was required before such a termination could be made.

Many cases, both domestic and foreign, are cited by appellant but most of them deal with a different form of contract and in none of them was the question of notice involved as it confronts us here.

Finally, it is argued by appellant that, in any event, the petition stated a cause of action for "some damages." But, even though we indulge, arguendo, the assumption that the contract provisions regulating the right to damages were nonexclusive, the petition stated no cause of action since there was no allegation of damage. The measure of damages fixed by law in actions of this character is ordinarily the difference between the contract price and the market price at place of delivery. Hawkins v. Midland Flour Milling Co., 236 Ky. 803, 34 S. W. (2d) 439. But the petition must show that the plaintiff has been damaged. 55 C. J. 1033; Langan & Taylor Storage & Moving Co. v. Tennelly, 122 Ky. 808, 93 S. W. 1; Peters Branch of International Shoe Co. v. Jones, 247 Ky. 193, 56 S. W. (2d) 994. There was no such showing here.

The trial court correctly sustained the demurrer and dismissed the petition.

Judgment affirmed.