## Jones et al. v. Carey Const. Co.

December 13, 1949.

Fowler & Fowler for appellants.

Scott Reed, William B. Gess, Henry T. Duncan and Leer Buckley for appellee.

JUDGE HELM—Affirming.

Appellee, Carey Construction Company, filed an action in equity against appellants in the Fayette Circuit Court, seeking a street improvement lien upon the described real property of the several appellants.

From the petition as amended, it appears that the

Commissioners of the City of Lexington duly passed and enacted Resolution No. 250, setting out and declaring that the improvement of Georgetown Street from Third Street to the city limits of Lexington was a necessity; Ordinance No. 1041, ordering the improvement of Georgetown Street; Ordinance No. 1062, accepting the sealed bid of appellee in response to an advertisement of the Mayor of the City of Lexington as being the best bid received for the work; Ordinance No. 1119 showing, after a report of the city engineer, the acceptance of the work and making an assessment of a local and special tax upon the property of each of the appellants bounding and abutting upon the improvement, the ordinance providing that the tax should constitute a lien upon each of the pieces of property belonging to appellants. It appears that the resolution and each of the ordinances was duly certified by the city clerk and published in the official newspaper, The Lexington Herald.

An amended petition was filed showing a change in the ownership of the appellee, Carey Construction Company, and describing by metes and bounds the several properties of appellants. Appellants filed answer and cross-petition, and an amended answer and cross-petition. The answer and cross-petition as amended is a long plea. It contains three main contentions: (1) A denial of the allegations contained in the petition; (2) general allegations of fraud and collusion against the appellee and the City of Lexington, and (3) that the street assessment was wrongly apportioned.

A general demurrer was filed to appellants' answer and cross-petition as amended. The demurrer of appellee was sustained with leave to amend within two weeks. The appellants having declined to plead further, appellee was adjudged a lien against each of the parcels of real estate of appellants as described in the petition, and in the amounts set out in the petition, each parcel being described in the judgment by metes and bounds. From that judgment, appellants appeal.

Appellants seem to maintain (1) that the trial court erred in sustaining appellee's demurrer to the answer as amended, and (2) that they were improperly assessed.

Lexington is a city of the second class KRS, Chapter 94, provides for improvement of ways in cities other than the first class. KRS 94.410 relates to resolution

for improvement. KRS 94.420 relates to determination of ways to be improved. KRS 94.440 (1) and (5) provides:

"(1) * * * The determination of the city legislative body shall be conclusive and binding on all parties, and shall not be questioned or contested in any court, except on the ground of fraud or collusion on the part of the city legislative body."

"(5) * * * In any such action an allegation in substance that the improvement had been made and the work accepted pursuant to ordinance duly passed shall be a sufficient pleading of the ordinances and proceedings under which the work was done and accepted, without setting out the same in full. * * *"

In Hicks v. City of Ashland, 254 Ky. 397, 71 S. W. 2d 988, 989, we said: "* * * As to the determination of the necessity of widening the street and of the construction of the retaining wall, the general council of the city was the final judge, in the absence of both allegation and clear and convincing proof of either fraud or bad faith amounting to actual fraud. * * *"

KRS 94.440 also provides that: "Such liens may be enforced as other liens on real estate by action brought in the name of the city or the contractor entitled thereto, * * * Any number of lots or parcels of land on which any local tax or installment is in default, and the owners thereof, may be joined in one proceeding, * * *."

In Kortz v. Union Central Life Insurance Company, 264 Ky. 750, 95 S. W. 2d 611, 615, we said: "* * * Under the rule that a pleading will be construed more strongly against the pleader, when the pleader denies an allegation of his adversary and then explains the denial by setting out facts in support of it, the pleading will be construed as a whole, and, unless the facts offered in support of the denial are sufficient to support a defense or cause of action, such pleading will be treated as a plea in avoidance and may be reached by a demurrer."

In Elcomb Coal Company v. Hall Land & Mining Company, 272 Ky. 773, 115 S. W. 2d 360, 366, we said: "* * * our opinion is, as contended by appellee, that the demurrer was properly sustained to the answer, for the

reason that the rule is that a pleading will be taken as a whole and even if the first paragraph purports to be a denial of the allegations of the petition, still, if by the second paragraph the reasons set out in support of and as justifying the denial are not sufficient to support same, then the demurrer should be sustained to the whole pleading. * * *''

Appellants, George T. Jones, and Amelia Jones, his wife, in setting out their reasons in support of and as justifying their general denial in their answer and cross-petition as amended, plead: ''The defendants, George T. Jones and Amelia Jones, his wife, deny that the assessment of $113.77 against their property, as set out herein, was properly made or that the plaintiff has a lien for said amount or any other amount, against their property. And for affirmative defense against the plaintiffs and the City of Lexington, they state that the plaintiffs and the City of Lexington unlawfully and without their consent, and by fraud and collusion with the cross defendants, took from the defendants a strip of land 3½ feet wide and 20 feet long from the front of their property, and that by reason of the unlawful taking of their property, without due process of law, they have been damaged in the amount of $60.00, as said sum is the reasonable value of said strip of land.''

The pleas of the other appellants are substantially the same as this.

Appellants' pleadings only set out a general plea of fraud and collusion, and do not specify the acts or conduct constituting the alleged fraud or collusion. Such a plea is not sufficient. In Town of Russell v. Whitt, 161 Ky. 187, 170 S. W. 609, 611, a lien for street improvement case, we said: ''* * * The petition omits any specification of the acts or conduct constituting the alleged fraud or mistake, and there is no proof whatever on the subject. The rule in this jurisdiction is that the petition in such case must specify the nature and substance of the fraudulent acts or the acts resulting in the mistake, and this is especially true when the acts complained of are those of public officials, who are always presumed to act lawfully in the performance of the duties to the public. * * *''

As to improper assessment, appellants plead:

"They further state that the Lexington Railway System, Inc., was required under its franchise to replace the street destroyed by this removal, and that said street is still in use by said corporation for its busses, and that it is accepting the benefits of said franchise, which was made for the benefit of these defendants; and that under the statute heretofore set out, the City of Lexington is required, by law, to apportion to Lexington Street Railway System, Inc., its part of the expense of constructing said street, and that these defendants are entitled to have these matters properly apportioned, so that the said railway company pay its just part of said indebtedness."

The statute "heretofore set out" is Carroll's Kentucky Statutes, section 3096. That statute is now, in substance, KRS 94.380 (5), which is as follows: "When a street railway company is required by law, by its franchise or by contract with the city to pave or improve any part of the public ways * * *."

The phrase "required by law" refers to an ordinance of the city. See, City of Newport v. Silva, 143 Ky. 704, 144 Ky. 450, 137 S. W. 546. No ordinance is set out or made a part of the pleading.

The franchise referred to is not set out, or in any way made a part of the pleading. We are not told or shown what the franchise required the railway company to do. We cannot take judicial knowledge of the provisions of the franchise. Having failed to set out the provisions of the franchise relied on, or to file a copy of the franchise as a part of their pleading, appellants have merely stated conclusions of law. The bare allegation that the City of Lexington is required by law to apportion to the Lexington Street Railway System its part of the expense of constructing the street is merely a conclusion of law. A party cannot rely in his pleadings on conclusions of law.

Finally, appellants plead: "They further state that said assessment was unequal in that some of said property owners were allowed to escape entirely from the laying of the pavement and that said assessment was therefore void and contrary to law and should be set aside."

In Barret et al. v. Falls City Artificial Stone Co., 52 S. W. 947, 21 Ky. Law Rep. 669, we held that in order to enable defendants to defend against a street assessment on the ground that a wrong basis of apportionment was followed, they must allege and prove facts showing that such was the case, and that under the proper method they would be required to pay less than under the method adopted.

In Boone v. Gleason, 10 Ky. Opin. 254, we held that an answer to a petition to collect an improvement assessment must point out in what particular the assessment is unequal, illegal, erroneous, or void, and not simply aver such facts as a conclusion. Under this rule, the above pleading is not sufficient.

It follows that the Chancellor properly sustained appellee's demurrer. The judgment of the Circuit Court is affirmed.