Lester Hogge, Morehead, for appellant.
Neil G. Sullivan, Lexington, Thomas R. Burns, Morehead, for appellee.

WADDILL, Commissioner.

This appeal is from a judgment in favor of appellee in the sum of $1,195 as damages for an alleged breach of contract.

L. D. Fannin, d/b/a Fannin Motor Sales, sold an automobile to J. P. Caudill under a conditional sales contract. This contract was assigned to the Commercial Credit Corporation of Kentucky which thereafter re-assigned same to appellee, Commercial Credit Corporation of Maryland. Caudill defaulted in his payments under the contract and appellee brought this suit against both Caudill and Fannin. Judgment was entered by a default against Caudill for the full amount due under the contract and appellee was further adjudged a lien upon the automobile.

Appellee's suit against Fannin is based on his written endorsement designated a "Dealer's Representation and Assignment," the pertinent part of which is:

"* * * Undersigned (Fannin) warrants that said contract is genuine and in all respects that it purports to be; that Undersigned has complied with all laws in respect to sale of said Car; * * * that the lien repre-

## FANNIN v. COMMERCIAL CREDIT CORP.

Court of Appeals of Kentucky.

June 20, 1952.

sented by said contract appears on the Certificate of Title or Bill of Sale, as required by State Law, covering said Car as a first lien or encumbrance. Undersigned makes said warranties for the purpose of inducing Commercial Credit Corporation to purchase the said contract; and if any such warranties should be untrue, Undersigned shall buy from Commercial Credit Corporation, upon demand, said contract, and will pay therefor not less than the amount owing thereon, plus any and all costs and expenses paid or incurred by Commercial Credit Corporation in respect thereto * * *."

In appellee's petition, the provisions of the "Dealer's Representation and Assignment" were alleged and facts were stated to show that appellant's representations were untrue and that appellant breached his promise to repurchase the conditional sales contract.

Appellant's general demurrer to appellee's petition was overruled with exceptions taken thereto. Appellant then filed an answer. The case was submitted on the pleadings and judgment was rendered against appellant.

It is contended by the appellant that his demurrer should have been sustained because the appellee in its petition did not allege any damage. This point appears to be well taken.

Section 90, Civil Code of Practice, provides as follows concerning the requisites of a petition:

"The petition must state facts which constitute a cause of action in favor of the plaintiff against the defendant, and must demand the specific relief to which the plaintiff considers himself entitled; and may contain a general prayer for any other relief to which the plaintiff may appear to be entitled. * * *"

To state a cause of action ex contractu, it is necessary to state the contract, the breach and the facts which show the loss or damage by reason of the breach. Miles v. Miller, 12 Bush 134, 75 Ky. 134; Ebner v. Official Board of the Methodist Episcopal Church of Pineville, 214 Ky. 70,

282 S.W. 785; 17 C.J.S., Contracts, § 533. The appellee pleaded the contract and the breach thereof, but nowhere in the petition are any facts stated which show that appellee was damaged by reason of the breach. The appellee alleges that appellant is indebted to it in the sum of $1,195. This is but a conclusion of law. Cooper v. McKee, 121 Ky. 287, 89 S.W. 203, 28 Ky.Law Rep. 270; Gordon v. City National Bank, 140 Ky. 47, 130 S.W. 818. As such it cannot be relied on as stating a fact which constitutes part of a cause of action. Bank of Marshall County v. Boyd, 308 Ky. 742, 215 S.W. 2d 850; Jones v. Carey Construction Co., 311 Ky. 704, 225 S.W.2d 301. Since the appellee failed to allege damages, a necessary element to his cause of action, the demurrer should have been sustained.

Judgment reversed.