## HOWARD SUPPLY CO. v. WELLS et al.

(Circuit Court of Appeals, Sixth Circuit. February 8, 1910.)

No. 1,991.

1. DAMAGES (§ 5*)—BREACH OF CONTRACT—"GENERAL DAMAGES" AND "SPECIAL DAMAGES."

The distinction between general and special damages for breach of contract is that the former are such damages as the law implies and presumes from the breach complained of, while the latter are such as have proximately resulted, but do not always immediately result, from the breach and will not therefore be implied by law.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 4; Dec. Dig. § 5.*

For other definitions, see Words and Phrases, vol. 4, pp. 3059–3060; vol. 8, p. 7669; vol. 7, pp. 6572–6573; vol. 8, p. 7802.]

**2.** SALES (§ 418\*)—ACTION BY PURCHASER FOR BREACH OF CONTRACT—DAMAGES—LOSS OF PROFITS.

Profits which the purchaser under an executory contract of sale of goods has actually lost by reason of the seller's failure to deliver may be recovered as damages for such breach, provided, first, such loss of profits was the natural and probable consequence of the breach and within the reasonable contemplation of the parties in the making of the contract as the damages likely to result from such breach; and, second, that the proof of such damages is not uncertain, speculative, or indefinite.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 1198; Dec. Dig. § 418.\*]

**3.** SALES (§§ 415, 418\*)—ACTION BY PURCHASER FOR BREACH OF CONTRACT—DAMAGES.

On the failure of the seller to deliver goods as required by the contract, the law requires the purchaser to use reasonable diligence to mitigate the loss occasioned by such breach by providing other goods to take the place of those with respect to which the seller was in default, and he cannot recover for any special loss incident to his failure to so mitigate the injury; but the burden of proving that the damages sustained by the purchaser could have been prevented or mitigated by his action rests upon the seller as the party guilty of the breach of contract.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1170, 1188; Dec. Dig. §§ 415, 418.\*]

**4.** SALES (§ 411\*)—ACTION BY PURCHASER FOR BREACH OF CONTRACT.

The petition in an action by a purchaser of railroad ties for breach of contract by failure to deliver considered, and _held_ to state a cause of action for the recovery of special damages.

[Ed. Note.—For other cases, see Sales, Dec. Dig. § 411.\*]

In Error to the Circuit Court of the United States for the Eastern District of Kentucky.

Action by the Howard Supply Company against John P. Wells and John Pendleton. Judgment for defendants, and plaintiff brings error. Reversed.

The plaintiff in error, who was the plaintiff below, filed its petition as commencement of suit, alleging the making of a written agreement on December 3, 1906, between plaintiff and defendants, for the sale by the latter to the former of 25,000 cross-ties (and as many more as defendants should be able to secure), to be delivered f. o. b. cars between White House and Paintsville, Ky., inclusive, delivery to begin immediately and to be completed not later than November 1, 1907, at a price of 55 cents each for first-class and 40 cents each for second-class ties; that during the life of said contract, and until the bringing of suit, plaintiff was and is a West Virginia corporation engaged in the business of buying and selling railroad cross-ties for profit and reward; that during the period covered by the contract sued upon plaintiff had contracts for the sale of large quantities of cross-ties at prices under which it could have made a profit of 10 cents per tie upon all ties so contracted by defendants to be delivered to the plaintiff, and that, "had the defendants complied with their said contract to the extent of furnishing the minimum of 25,000 ties therein named, plaintiff would have derived a profit from the resale of $2,500," that "the 25,000 ties agreed to be sold and delivered to it by said defendants were reasonably worth in the market 10 cents more per tie than the amount named in said contract"; alleged plaintiff's readiness at all times during the life of the contract to fully perform it, its offers at various times to so perform, and its demands that defendants perform the same; alleged defendants' failure and refusal to deliver any of the ties contracted for, and that the defendants "by their refusal to so perform said contract caused plaintiff to lose the profit upon said ties of 10 cents per tie amounting to the

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

sum of $2,500"; and demanded judgment for damages sustained in the last-named sum.

Defendants demurred generally to the petition upon the ground that it failed to state facts sufficient to support a cause of action, for the reasons, first, that the alleged damage consists of prospective profits, not shown to have been in the contemplation of the parties to the contract: second, that the petition fails to show that plaintiff's profit would have amounted to anything after the payment of the expense of transporting the ties from the place where defendants were to deliver them to the plaintiff to the place where plaintiff was to deliver them under its contract of resale; third, that it does not appear by the petition that defendants' failure to comply with the contract prevented plaintiff from supplying the full number alleged to have been resold and contracted for resale; and, fourth, that it does not appear that plaintiff was unable to purchase in the market, for the purpose of supplying its demand for resale, ties of the kind called for by the defendants' contract, or that plaintiff was compelled to pay more on such repurchase than the price agreed to be paid defendants. There was also a special demurrer, which, so far as material here, will be mentioned later. The general demurrer was sustained.

Thereupon, plaintiff, by leave of the court, filed an amended petition, which differed from the original petition, so far as material here, in these respects: First, following the allegation that during the life of the contract the plaintiff was engaged in the business of buying and selling railroad cross-ties for profit and reward, was added the allegation that the plaintiff "entered into the above contract with the defendants with a view of reselling the cross-ties mentioned therein for a profit, which resale thereof and anticipated or expected profits thereon was reasonably within the knowledge and contemplation of the parties to said contract at the time of the execution of the same, and that your petitioner is entitled to recover such profits as it could have obtained on a resale of said cross-ties as the measure of its damages for the breach of said contract by said defendants hereinafter complained of"; second, in lieu of the general statement in the original petition that plaintiff had contracts of resale, the allegation was inserted "that at the time of entering into the contract aforesaid your petitioner had a contract with one of its customers to sell and deliver 500,000 cross-ties, which contract and agreement was before November 1, 1907, at which time said contract with the defendants expired, extended to any number of ties over and above said number of 500,000 which your petitioner would deliver until such time as its said customer should notify your petitioner not to make further delivery of such ties, under which contract and arrangement your petitioner could have sold and delivered to its said customer the minimum of 25,000 ties provided for in its said contract with the defendants, in addition to all of the ties that your petitioner was able to or did buy up till in February, 1908, that under the terms of its contract with its said customer it was to receive 10 cents per tie more than the contract price provided for in its contract with the said Pendleton and Wells," this allegation being followed by that contained in the original petition, that, "had the said defendants complied with their said contract by the furnishing of the minimum of 25,000 ties provided for in said contract, your petitioner would have derived a profit on the resale thereof to its said customer of $2,500." The minimum of 25,000 ties were alleged to have been reasonably worth in the market 10 cents more per tie than the amount named in the contract "during all the period covered by said contract."

The defendants demurred to the amended petition for the reasons, first, that the court had no jurisdiction of the subject-matter "for the reasons set out in the demurrer to the original petition" (reference being apparently had to the ground of special demurrer, that nominal damages only were recoverable under the allegation of the petition); and, second, that the amended petition does not state a cause of action "for same reasons set out in general demurrer to original petition." At the same time defendants moved to strike out as "immaterial, irrelevant, and redundant," and as "not competent or proper as a measure of recovery," various paragraphs of both the original and amended petitions, the effect of the granting of which would be to leave therein (aside from the allegations of plaintiff's legal capacity and the diversity of citizen-

ship of the parties) only the allegations of the making of the contract, the plaintiff's readiness and willingness to perform it, the defendants' failure and refusal to perform, and the prayer for process, and without any allegation or prayer for recovery of damages. The court sustained the demurrer to the amended petition, granting leave to amend, and at the same time granted in full defendants' motion to strike out the allegations referred to, in both the original and amended petitions. No statement of reasons for granting the motion to strike out is contained in the record, except such as may be inferred from the grounds assigned for the motion and from the reference in the order granting it to the allegations in question as "setting up as a matter of recovery alleged profits which it is alleged could have been made by plaintiff on resale of the cross-ties mentioned in the contract sued on." Plaintiff having declined to further amend its petition, an order was made dismissing it.

The errors discussed here relate to the action of the court in sustaining the demurrers to the original and amended petitions, respectively, and in sustaining the motion to strike out the allegations of the respective petitions.

Geo. J. McComas, for plaintiff in error.

M. C. Kirk and C. B. Wheeler, for defendants in error.

Before SEVERENS and WARRINGTON, Circuit Judges, and KNAPPEN, District Judge.

KNAPPEN, District Judge (after stating the facts as above). Upon the striking out of the allegations in question, the plaintiff's petition necessarily fell to the ground, as there remained in it no allegation of an injury even in fact resulting from defendants' default. The general demurrer and the motion to strike out apparently rest upon the same grounds, and so may be considered together.

It is defendants' contention that the case presented involves only the question whether the plaintiff's petition states a case permitting recovery for loss of profits anticipated upon the resale. This contention will be again referred to.

Before discussing the specific propositions on which the action of the court is sought to be justified, it may be well to refer briefly to the general principles covering the recovery of damages by the vendee on account of the vendor's failure to make delivery. In such case, as in cases generally for breach of contract, the distinction between general and special damages is that the former are such damages as the law implies or presumes from the breach complained of, while the latter are such as have proximately resulted, but do not always immediately result, from the breach, and will not therefore be implied by law. Lawrence v. Porter, 63 Fed. 62, 11 C. C. A. 27, 26 L. R. A. 167; Lillard v. Kentucky Dist. & Warehouse Co., 134 Fed. 168, 177, 67 C. C. A. 74. In accordance with this distinction, the usual rule is that the measure of damages for failure to deliver goods under an executory contract of sale is the difference between the contract price of the goods and their market value at the place of delivery at the time the contract was broken, and that, if the goods cannot be procured at the place of delivery, then resort must be had to the nearest available market. Lawrence v. Porter, supra; Grand Tower Co. v. Phillips, 23 Wall. 471, 23 L. Ed. 71. But profits which the vendee under an executory contract of sale of goods has actually lost by reason of the vendor's failure to deliver may be recovered as damages for such breach, provided, first, such loss of profits was the natural and prob-

able consequence of the breach, and within the reasonable contempla-
tion of the parties in the making of the contract as the damages like-
ly to result from such breach; and provided, second, the proof of
such damages is not uncertain, speculative, or indefinite. Damages
by way of loss of profits are not recoverable, even if within the con-
templation of the parties, if so remote, uncertain, or speculative that
they cannot be ascertained to a reasonable certainty. 2 Joyce on
Damages, §§ 1285, 1672; Fell v. Newberry, 106 Mich. 542, 64 N. W.
474; Hitchcock v. Anthony (6th Cir.) 83 Fed. 779, 782, 28 C. C. A.
80, and following; Central Trust Co. v. Clark (8th Cir.) 92 Fed. 293,
34 C. C. A. 354. In accordance with the general rule of pleading that
damages which the law implies as the natural and necessary result
of a breach need not be alleged, but that a mere statement of the
breach and a general allegation of damage is sufficient, a recovery of
the difference between the contract price and the market value may be
had without particularizing the same in pleading. Peters v. Cooper,
95 Mich. 191, 54 N. W. 694; Lawrence v. Porter, supra; Asher v.
Stacy, 65 S. W. 603. But, on the other hand, if the plaintiff claims
to have sustained other damages than those which will naturally be
supposed to flow from an ordinary breach of such contract, he must
in his pleading particularize such loss, so that the defendant may pre-
pare himself with evidence to meet such claim. Lawrence v. Porter,
63 Fed. 64, 11 C. C. A. 27, 26 L. R. A. 167. But, upon a failure of
the vendor to deliver the goods as required by the contract, the law
throws upon the vendee the duty of using reasonable diligence to
mitigate the loss occasioned by such breach by providing other goods
to take the place of those with respect to which the vendor was in
default. The vendee thus cannot throw upon the vendor any special
loss incident to the failure of the vendee to mitigate the injury as far
as reasonably possible. Warren v. Stoddart, 105 U. S. 224, 26 L. Ed.
1117; Marsh v. McPherson, 105 U. S. 709, 26 L. Ed. 1139; Lawrence
v. Porter, supra; Hirsh v. Georgia Iron & Coke Co., 169 Fed. 578,
581, 95 C. C. A. 76. But the burden of proving that the damages
sustained by the vendee could have been prevented or mitigated by
the latter's action rests upon the vendor, as the party guilty of the
breach of the contract. Mathesius v. Brooklyn Heights R. Co., 96
Fed. (C. C.) 792, 795, and cases there cited; Lillard v. Kentucky Dist.
& Warehouse Co. (6th Cir.) 134 Fed. 168, 178, 67 C. C. A. 74, and
cases cited; Kentucky Distilleries & Warehouse Co. v. Lillard, 160
Fed. 34, 40, 41, 87 C. C. A. 190.

Turning, then, to the specific criticisms made upon the plaintiff's
petition, the first of which is that the prospective profits on resale of
the ties are not alleged to have been in contemplation of the parties
to the contract at the time it was made, or that the parties contracted
with reference thereto. The reason of the rule which requires, in
order to a recovery of loss of profits by the vendee, that the vendor
should have knowledge that the goods were purchased for resale, is
that in the absence of such knowledge a loss of profits could not be
reasonably foreseen or anticipated as a result of the breach of contract,
as such damages are not the ordinary result of a breach. The lan-

guage of the petition in this regard is that the plaintiff entered into the contract in question with the defendants "with a view of reselling the cross-ties mentioned therein for a profit, which resale thereof and anticipated or expected profits thereon, was reasonably within the knowledge and contemplation of the parties to said contract at the time of the execution of the same." It is well settled that, in order to satisfy the requirement of notice to the vendor that the vendee is buying for the purpose of reselling, it is only necessary to prove that such purpose of resale and the recovery of profits thereon was "within the contemplation of the parties to the contract at the time of its execution." Language no more specific than that just stated is found in any of the authorities cited by defendants. See Blue Grass Cordage Co. v. Luthy, 98 Ky. 583, 586, 33 S. W. 835, where it is stated that expected profits may be recovered where "it was fairly within the contemplation of both parties that the goods were purchased with a view to a resale for profits"; Bates Mach. Co. v. Norton Iron Works, 113 Ky. 372, 68 S. W. 423, where an instruction was approved that profits could be recovered if the defendants "knew at the time of purchase by plaintiffs that they purchased same with a view to a resale, and that the profits anticipated thereon were in the contemplation of both parties." See, also, to the same effect, Moffitt-West Drug Co. v. Byrd, 92 Fed. 290, 34 C. C. A. 351; Central Trust Co. v. Clark, 92 Fed. 293, 34 C. C. A. 354; Denhard v. Hurst, 111 Ky. 546, 64 S. W. 393; Harrow Spring Co. v. Harrow Co., 90 Mich. 147, 51 N. W. 197, 30 Am. St. Rep. 421. The only criticism made upon the allegation of the petition in question as failing to sufficiently allege notice to the defendant of the intended resale is that it is manifestly "a conclusion of the pleader," and not a statement of fact. This proposition is apparently based upon the use of the word "reasonably." The allegation is not subject to the criticism referred to. The fact that the expected resale at a profit was not mentioned in the contract affects only the subject of evidence. In our opinion the petition definitely advised defendants of plaintiff's claim that the defendants knew, when the contract in question was made, that the plaintiff expected and intended to sell at a profit the ties contracted for, that such resale and expected profit were contemplated by the parties thereto at the time the contract was made, and that the loss of such profit was thus the natural and proximate result of defendants' breach.

In support of the objection that the petition does not show that the plaintiff's profit would have amounted to anything, after paying the expenses of transporting the ties from the place where defendants were to deliver them to plaintiff to the place where the latter was to deliver them under its contract of resale, the argument is presented that for all the petition shows plaintiff's contract of resale may have expired on the day after the making of the contract sued on; that there is no allegation that plaintiff failed to supply its customer with ties by reason of defendants' default; that the freight and expense of delivery might have eaten up the 10 cents per tie gross profit referred to; that for all that is shown by the petition plaintiff may have been able to buy sufficient ties to carry out its contract of resale at a price much less than ten cents per tie, in which case the loss would have

been only what was required to purchase such other ties. This argument is not persuasive. The petition plainly alleges that plaintiff could have sold "the minimum of 25,000 ties provided for in its said contract with the defendants in addition to all of the ties that your petitioner was able to and did buy up until in February, 1908," and that "had the said defendants complied with their said contract by the furnishing of the minimum of 25,000 ties provided for in said contract your petitioner would have derived a profit on the resale thereof to its said customer of $2,500." The infirmity in the argument in support of this criticism results from overlooking the fact that the burden of proof with respect to the question of mitigating damages by repurchase is on the defendants, rather than on the plaintiff, and in treating the petition not merely as a statement of plaintiff's cause of action, but as a statement of the proofs in support thereof. The petition is not in our opinion subject to the objection just considered.

The third and fourth grounds of demurrer raise the defense that it does not appear by the petition that plaintiff could not have bought in the market sufficient ties to meet its contract of resale, or that in purchasing the same it was compelled to pay more than the price it agreed to pay defendants. As to this defense, also, the burden of proof is on the defendants. It is strenuously urged, however, that railroad ties are "found anywhere and everywhere, in any quantity that is desired," and that the court must take judicial cognizance of plaintiff's alleged ability to repurchase in the market all the ties plaintiff might need to carry out its contract with its customer. It should be sufficient to say that the court cannot take judicial cognizance of the existence of such fact. Moreover, the petition to our minds sufficiently alleges the contrary. We see nothing in the objection that the damages claimed by the plaintiff are shown by the petition to be uncertain and speculative. The petition alleges a sufficient market already contracted for, and at a fixed price, alleged to be $2,500 in excess of the price under the contract in suit.

It results from the views we have stated that in our opinion the learned judge who heard the case erred in granting the motion to strike out and in sustaining the demurrer to the petition. The case has been argued throughout upon defendants' behalf upon the theory that the petition does not claim general damages, viz., the difference between the contract price and the market value. The petition alleges that:

"The 25,000 ties agreed to be sold and delivered to it by said defendants were reasonably worth in the market 10 cents more per tie than the amount named in said contract during all the period covered by said contract."

This fails of stating the correct measure of general damages only in that it omits the statement of market value as at the place of delivery provided by the contract. If plaintiff desires to claim general damages, such amendment of the petition as will permit such recovery should be had.

The order granting the motion to strike out and sustaining the demurrer will be reversed.