OZMO OIL REFINING CO. et al. v. COTTON & CO., Incorporated.

(Circuit Court of Appeals, Ninth Circuit. February 6, 1922.)

No. 3752.

1. Sales ⬤⟿418(12)—Measure of damages for breach of contract by seller.

Where the seller was notified by the purchaser, before the contract was made, that the purchaser had resold the property to responsible parties, though the price was not stated, on failure of the seller to make delivery, the purchaser is entitled to recover as damages the profit it would have made on the resale, subject to its obligation to minimize the damages, if practicable.

2. Sales ⬤⟿418(7)—Damages for breach of contract by seller; purchaser held not required to purchase in the market.

Defendant contracted to sell to plaintiff 700 tons of paraffin wax, to be delivered in monthly installments of 50 tons. Plaintiff resold the wax for delivery in same installments. Defendant made no deliveries, but until the time half the installments were due claimed that it would make delivery and insisted on enforcement of the contract. By that time those to whom plaintiff had resold had canceled their contracts. *Held*, that under the circumstances plaintiff was not required to purchase in the market to establish its measure of damages.

3. Sales ⬤⟿415—Burden of proving that purchaser could have lessened damages rests on defendant seller.

In an action against the seller for failure to make delivery under its contract, the burden of proving that the purchaser could have prevented or lessened its damages rests on the defendant.

In Error to the District Court of the United States for the Southern Division of the Northern District of California; William C. Van Fleet, Judge.

Action at law by Cotton & Co., Incorporated, against the Ozmo Oil Refining Company and Petroleum Products Company. Judgment for plaintiff, and defendants bring error. Affirmed.

The defendant in error brought an action against the plaintiff in error to recover damages for breach of contract. The parties will be named plaintiff and defendant as in the court below. The case was tried before the court without a jury. The following is the substance of the court's findings of fact:

That on October 14, 1918, the parties contracted in writing as follows: The defendant agreed to sell and deliver to the plaintiff at Buffalo, N. Y., 700 tons of paraffin wax, 50 tons to be shipped each month, beginning with November, 1918, and ending with December, 1919, for which the plaintiff was to pay 9¼ cents per pound in car lots, f. o. b. at San Francisco; that the plaintiff complied with the terms of the contract, but the defendant failed to deliver any of said merchandise, and wholly failed to comply with the contract; that on or about September 30, 1918, and prior to the execution of said agreement, the plaintiff sold 600 tons of said wax to the Standard Oil Company of New York, the same to be delivered 50 tons monthly from January to December, 1919, at 10⅛ cents per pound in car lots f. o. b. San Fran-

⬤⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

cisco, which sale was not consummated because the defendant did not deliver any of the wax mentioned in the original agreement; that the plaintiff prior to the execution and delivery of the agreement sold 100 tons of wax to Mitsui & Co., the same to be delivered 50 tons monthly in November and December, 1918, at 10½ cents per 'pound in car lots f. o. b. San Francisco, which sale was not consummated because the defendant did not deliver any of the wax mentioned in the contract; that prior to the execution and delivery of the contract the defendant well knew, and the plaintiff informed it, that plaintiff was about to purchase the wax mentioned in said agreement for resale, and had resold the same; that on September 17, 1918, the plaintiff notified defendant by letter that it intended to offer the wax in question for sale. On September 30, 1918, it telegraphed the defendant that it had sold the wax to responsible parties, and on October 3, 1918, it wrote the defendant that the wax had been sold to responsible parties, and on October 8, 1918, plaintiff wrote defendant that it had sold the wax to the Standard Oil Company of New York and to Mitsui & Co.; that the total price to be paid by the plaintiff under the contract was $129,500; that the resale price of 600 tons to the Standard Oil Company was $121,500, and the resale price of 100 tons to Mitsui & Co. was $21,000, making a total resale price of $142,500; that the plaintiff has been damaged in the sum of $13,000, with interest from May 31, 1919, the average due date of the payments which would have been made from the Standard Oil Company and Mitsui & Co.

William Thomas, Louis S. Beedy, James Lanagan, and Thomas, Beedy & Lanagan, all of San Francisco, Cal., for plaintiffs in error.

Willard P. Smith, of San Francisco, Cal., for defendant in error.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). The defendant took no exception to any of the findings of fact and made no request for findings in its favor. Under the well-settled principles of practice in the federal courts, the only question open to discussion in this court is whether the findings of fact sustain the conclusion of law.

[1] It is contended that the notice of resale given by the plaintiff to the defendant was insufficient to form the basis of a demand for damages arising out of loss of profits, in that the notice made no mention of the market in which the wax had been resold, and no information that the resales had been made at a profit, and the defendant contends that, in the absence of such notice to the defendant, the plaintiff must content itself with damages to be estimated on the basis of the general market or the actual value of the goods. The contention is against the decided weight of authority. 24 R. C. L. 81; Guetzkow Bros. v. A. H. Andrews & Co., 92 Wis. 214, 66 N. W. 119, 52 L. R. A. 209, 53 Am. St. Rep. 909; Howard Supply Co. v. Wells et al., 176 Fed. 512, 100 C. C. A. 70; Armeny v. Madson & Buck Co., 111 Ill. App. 621.

[2] It is contended that it was the duty of the plaintiff to purchase wax in the open market, and thus minimize its damages; the market price during the period covered by the contract having been no greater than the contract price. But to this it is to be said that the undisputed evidence is that the defendant repeatedly and continuously promised delivery until as late as April, 1919. At that time the plaintiff ascertained that it would be impossible for the defendant to furnish the wax in time to be of any benefit to the plaintiff; the Standard Oil Company and Mitsui & Co. having canceled their respective contracts. The

testimony was that the plaintiff made inquiry, but did not make purchases, "in view of the fact of the defendant insisting it was going to compel us to take delivery of the wax which it claimed all the time that it could furnish." Under the circumstances the plaintiff was not bound to purchase in the market. Benton v. Fay & Co., 64 Ill. 417; Kentucky Distilleries & W. Co. v. Lillard et al., 160 Fed. 34, 87 C. C. A. 190; Howard Supply Co. v. Wells, 176 Fed. 512, 100 C. C. A. 70; Campfield v. Sauer, 189 Fed. 576, 111 C. C. A. 14, 38 L. R. A. (N. S.) 837.

[3] The burden of proving that the damages sustained by the plaintiff could have been prevented or mitigated rested upon the defendant. Mathesius v. Brooklyn Heights R. Co. (C. C.) 96 Fed. 792, 795.

The judgment is affirmed.