## MARQUETTE CEMENT MFG. CO. v. CAMPBELL CONST. CO., Inc.

### No. 11005.

United States Court of Appeals
Sixth Circuit.

Sept. 8, 1950.

Petition for Rehearing Dismissed
Oct. 19, 1950.

Edward A. Zimmerman, Chicago, Ill. (Burch, Porter & Johnson and Lucius E. Burch, Jr., all of Memphis, Tenn., Zimmerman & Norman, Chicago, Ill., on the brief), for appellant.

L. E. Gwinn, and Wils Davis, Memphis, Tenn. (Wils Davis, Memphis, Tenn., L. E. Gwinn, Memphis, Tenn., Booth, Lockard & Jack, Shreveport, La., on the brief), for appellee.

Before HICKS Chief Judge, and ALLEN and MILLER, Circuit Judges.

HICKS, Chief Judge.

Suit by plaintiff-appellee for breach of a verbal contract for sale and delivery of

7,500 barrels of cement. The defendant-appellant denied both the existence of the contract and the authority of its salesmen to execute it. It further denied liability for special damages and pleaded the Arkansas Statute of Frauds. Appellee recovered judgment upon a jury verdict for the sum of $22,500.00; hence this appeal.

On July 25, 1947, appellee, a corporation, entered into a contract with the State Highway Commission of Arkansas to construct a concrete pavement in Phillips County in accordance with official plans and specifications.

■ There is substantial evidence that on or about September 12, 1947, John L. Quarles, a district sales manager of appellant, and A. W. Hicks, its sales engineer, entered into a verbal agreement with A. C. Campbell, the president of appellee, wherein appellant was to commence the shipment of 7,500 barrels of cement to appellee on September 15, 1947, in carload lots containing 250 barrels each, and that one car was to be shipped each day thereafter until the full amount had been delivered and that the shipments were to be invoiced at the price prevailing on the date of the invoice. There was evidence to warrant the jury in concluding that appellant accepted the contract, for, according to testimony introduced by appellee, three carloads were delivered under it.

■ Further, the jury was warranted in concluding that Quarles and Hicks were authorized to execute the agreement on behalf of appellant. Appellant was one of the principal manufacturers of cement in the country with its general headquarters in Chicago. It had five sales districts. The headquarters of the fifth district, covering the State of Arkansas, was at Memphis and Quarles was in charge there as the district sales manager.

■ It is clear enough that under the law of Arkansas the jury had a right to presume that Campbell, president of appellee, and acting for it, was justified in concluding that Quarles and Hicks were acting within the scope of their actual or apparent authority. There is no evidence that Camp-

bell had any notice to the contrary. See Swearengen v. Cole, 193 Ark. 1115, 105 S.W.2d 75; McMillan v. Marathon Oil Co., 188 Ark. 937, 68 S.W.2d 473; Hal H. Peel & Co. v. Hawkins, 175 Ark. 806, 300 S.W. 420; Arkadelphia Milling Co. v. Green, 142 Ark. 565, 219 S.W. 319.

■ There is substantial evidence tending to show that appellant breached the contract.

W. F. Turner, general superintendent for appellee, testified that after three cars of cement had been received, Hicks, sales engineer for appellant, came to appellee's office in Little Rock and "told us that would be all we could get. Q. Those three? A. Yes sir."

Turner further testified that in the same conversation Hicks stated that he had bad news, that they were going to stop shipments on cement, and that he was disturbed about it. However, appellant did ship to appellee two additional cars but no more.

Appellant points out that each car shipped to appellee was accompanied by an invoice and that each invoice concluded with the following: "Acceptance of Contracts. Any order or contract shall not be binding on Marquette until accepted in writing at its general office at Chicago, Ill." and it is true that these invoices were paid. But, we are not convinced as a matter of law that this negatives the existence of the original verbal agreement or entitles appellant to a directed verdict. It amounts to no more than a factual issue for the consideration of the jury. The evidence indicates that the invoices were paid as agreed upon in the oral contract and that Campbell never saw them until they were presented in open court.

■ It must be kept in mind that in dealing here with the motions for a directed verdict and with the motion for judgment notwithstanding the verdict, we do not consider contradictory evidence or the weight of the evidence, or the credibility of the witnesses.

■ Appellant contends that the contract sued on is unenforceable under the

Arkansas Statute of Frauds, Pope's Dig. § 6061. We disagree.

The statute is as follows: "Sale of Goods. No contract for the sale of goods, wares and merchandise, for the price of thirty dollars or upward, *shall be binding on the parties* unless, first, there be some note or memorandum signed by the party to be charged (a); or, second, the purchaser shall accept *a part of the goods so sold,* and actually receive same (b); or, third, shall give something in earnest to bind the bargain, or in part payment thereof (c)." (Italics ours.)

The jury upheld the contract upon sufficient evidence and evidently found that under its provisions appellee had accepted three cars of cement.

The record indicates that the question whether the contract was within the statute of frauds was submitted to the jury although the charge of the court is not included in the transcript. It would seem clear enough that if appellee had received and accepted three cars of cement under the contract it follows that the contract itself was within the statute.

▪ Appellant contends that certain testimony of Campbell and other witnesses for appellee touching declarations of Quarles and Hicks as to the extent and scope of their agencies was incompetent upon the broad ground that it is inadmissible to prove agency by the declarations of an agent. But the difficulty with the proposition is that the record contains ample evidence independent of that objected to, touching the authority of both Quarles and Hicks and the scope of their agency. We do not think that the evidence complained of was prejudicial. See Shuell v. London Amusement Co., 6 Cir., 123 F.2d 302, 306. In fact, Henry W. Graupner, the general sales manager of appellee, testified that Quarles had been division sales manager of the fifth district in Memphis since 1943.

In its motion for a directed verdict, as well as in its motion for judgment notwithstanding the verdict, and in the alternative, for a new trial, appellant takes the position that all the damages alleged in the complaint or attempted to be shown, were special damages and that the record discloses no basis for such damages. We are not in accord.

The damages alleged and found by the jury were something more than would necessarily result from a breach of a sale of cement by one party to another. The measure of damages was not simply the difference between the contract price and the market value at the place of delivery when the breach occurred. Appellant kept in touch generally with contract lettings for the construction of concrete highways for its manufactured product, cement, was one of the principal ingredients or components of concrete.

There was evidence tending to show that before the execution of the contract sued on Quarles had been advised of the nature of the contract between appellee and the Arkansas Highway Commission; of the character of the work to be done, of the plans and specifications; and of the 100 working day limitation upon its execution. In general, the damages sought were such as were incident to delay on account of the breach; on account of being compelled to keep on hand costly road building machinery and skilled labor with which to operate it, and of being forced at extra expense to complete the highway after the bad weather of the winter had set in.

Appellant's contention that the breach of the contract did not cause the delay because cement was available from other sources, raises merely another factual issue. Since the charge of the court is not made a part of the record, we must presume that the court instructed the jury correctly on this question. Tenn. Central R. Co. v. Vanhoy, 143 Tenn. 312, 329, 226 S.W. 225.

▪ We cannot say that the damages assessed were not the natural and probable consequences of the breach or within the reasonable contemplation of the parties. See Howard Supply Co. v. Wells, 6 Cir., 176 F. 512, 515; Lillard v. Ky. Distilleries & Warehouse Co., 6 Cir., 134 F. 168, 177; and Miles v. American Ry. Co., 150 Ark. 114, 233 S.W. 930. The jury had a wide

latitude in fixing the damages and we find no reason for setting the assessment aside either on account of the amount thereof or for disturbing the discretion of the judge in sustaining it.

Judgment affirmed.